## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FORLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00333-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on David Forler's ("Forler") Motion for Relief Pursuant to 28 U.S.C. § 2255. Forler pled guilty to felon in possession of a firearm in 2017. He now asks the Court to vacate his plea and his indictment pursuant to 28 U.S.C. § 2255 and *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons discussed below, the Court **denies** Forler's § 2255 motion, **dismisses** this action with prejudice, and declines to issue a certificate of appealability.

## I. LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred

which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## II.  BACKGROUND

In November 2016, Forler was indicted on one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).  (Crim. Dkt. 16.)[1]  At that time, Forler had an extensive criminal record.

### A.  Prior Felonies

In 2001, Forler was convicted of forgery and resisting law enforcement in Johnson County, Indiana, and sentenced to four years in prison. (Crim. Dkt. 36 at ¶ 30.)  Originally, more than three years of that sentence were suspended, but his probation was revoked, and he served well over a year in prison before being paroled.  *Id.*

In 2007, Forler was convicted of felony cocaine possession in Marion County, Indiana, and sentenced to two years in prison, which he was able to serve in a community corrections program.  *Id.* at ¶ 31.

In 2010, Forler was convicted of felony criminal confinement in Marion County and sentenced to three years in prison.  *Id.* at ¶ 33.  Forler was again permitted to serve his sentence in community corrections, but that condition was revoked, and he served 315 days in prison before being paroled.  *Id.*

In 2012, Forler was convicted of felony theft and receiving stolen property in Marion County.  *Id.* at ¶ 34.  He was sentenced to time served in jail, which amounted to 336 days.  *Id.*

In 2013, Forler was convicted of felony carjacking in Marion County and sentenced to six years in prison: four in community corrections, five on probation, and one year suspended.  *Id.* at

---

[1] In this order, citations to "Crim. Dkt. *x*" refer to documents filed in Mr. Forler's criminal case, No. 1:17-cr-00051-TWP-MJD-1. Citations to "Civ. Dkt. *y*" refer to documents filed in this action, No. 1:20-cv-00333-TWP-TAB.

2

¶ 35. He served approximately three years in prison for this offense, and he was still completing this sentence when he was indicted as a felon in possession. *Id.*

While in community corrections for his carjacking offense in 2016, Forler was arrested for felony theft in Marion County. *Id.* at ¶ 36. He was convicted and sentenced to two years in jail, which were suspended to probation. *Id.*

### B.    Indictment and Guilty Plea

Forler's indictment in the underlying criminal case stated:

> On or about November 28, 2016, in Marion County Indiana, within the Southern District of Indiana, DAVID FORLER, defendant herein, after having been convicted of a crime punishable by a term of imprisonment greater than one year, to wit: Resisting Law Enforcement, Forgery, Criminal Confinement, Possession of Cocaine, Theft, and Carjacking, did knowingly possess, in and affecting interstate commerce, a firearm, to wit: a .44 caliber handgun.

(Crim. Dkt. 16.)

In May 2017, Forler petitioned the Court to enter a guilty plea, pursuant to an agreement with the Government. (Crim. Dkt. 30.) The plea agreement identified the elements of the offense as:

1. The defendant knowingly possessed a firearm; and
2. At the time of the charged act, the defendant was a convicted felon; and
3. The firearm had been shipped or transported in interstate or foreign commerce.

*Id.* at 2, ¶ 3. At his change of plea hearing, Forler stipulated to a factual basis for the plea (Crim. Dkt. 33), including: "FORLER has prior felony convictions for Resisting Law Enforcement, Forgery, Criminal Confinement, Possession of Cocaine, Theft, and Carjacking." (Crim Dkt 30. at 9, ¶ 17(G)). He also agreed that he would not challenge his conviction or sentence either on direct appeal or through § 2255. *Id.* at 11, ¶¶ 22, 23.

The Court accepted Forler's plea on June 8, 2017, and sentenced him August 14, 2017 to 86 months' imprisonment and 3 years of supervised release. (Crim. Dkts. 33, 41.)

### III. ANALYSIS

Following Forler's conviction, the United States Supreme Court decided *Rehaif*. Now, "in a prosecution under 18 U.S.C. § 922(g) . . . , the government must prove both that the defendant knew he possessed a firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. 22191, 2200 (2019) (emphasis added). "It is the defendant's *status*, and not his conduct alone, that makes the difference." *Id.* at 2197 (emphasis in original).

Forler mounts two *Rehaif* challenges in his § 2255 motion. First, he argues that his indictment was invalid because it did not charge among its elements that he knew he had previous felony convictions. Second, he contends that his plea was not knowing and voluntary because he was never informed that the Government would have to prove that he knew of his previous felony convictions. Neither argument is supported by the post-*Rehaif* decisions of the Supreme Court or the Seventh Circuit.

Before proceeding, the Court addresses two issues that apply to both arguments. First, the Government argues that Forler's motion is barred in its entirety by the waiver provision in his plea agreement. Because Forler's arguments are straightforward and clearly fail, the Court declines to address the waiver issue and instead resolves this motion on the merits. Second, Forler does not actually dispute that he possessed a firearm in 2016 or that he knew at the time that he had previously been convicted of offenses punishable by over a year in prison. The record leaves no doubt that Forler knew of his status as a repeat felon, and that certainty undermines his claims to relief under *Rehaif*.

### A.     <u>Indictment</u>

To be legally sufficient, an indictment must state all elements of the crime charged, adequately inform the defendant of the nature of the charge so he can prepare a defense, and allow the defendant to plead the judgment as a bar to future prosecution. *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). "An alleged flaw in the indictment is a plain error only when the indictment fails as a result 'to charge the offense by any reasonable construction.'" *United States v. Maez*, 960 F.3d 949, 964–65 (7th Cir. 2020) (quoting *United States v. Frank Smith*, 223 F.3d 554, 571 (7th Cir. 2000)). A challenge to the indictment is essentially an assertion that the grand jury would not have indicted the defendant but for the error. *See Maez*, 960 F.3d at 966 ("Considering the evidence heard by the trial jury and Battiste's extensive prior criminal history laid out in detail in his PSR, 'we can be confident in retrospect that the grand jury (which acts under a lower burden of persuasion) would have reached the same conclusion.'") (quoting *United States v. Patterson*, 241 F.3d 912, 914 (7th Cir. 2001)).

Forler argues that his Indictment was constitutionally insufficient because it did not state all the elements of his charge in light of *Rehaif*. It charged Forler with (a) being a felon and *knowingly* possessing a firearm, rather than (b) *knowingly* being a felon and possessing a firearm. (*See* Crim. Dkt. 16.)

This defect does not create an "extraordinary" situation. *Blake*, 723 F.3d at 878-79. In fact, the language in Forler's Indictment is functionally identical to language the Seventh Circuit considered in *Maez*. *Compare Maez*, 960 F.3d at 966 ("CAMERON BATTISTE . . . having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate commerce a firearm . . . ."), *to* Crim. Dkt. 16 ("DAVID FORLER, . . . after having been convicted of a crime punishable by a term of

5

imprisonment greater than one year, . . . did knowingly possess, in and affecting interstate commerce, a firearm . . . .").

In *Maez*, the Court of Appeals assumed for purposes of that case that omitting the knowledge requirement from the previous-conviction element was plain error. 960 F.3d at 966. Even so, it declined to exercise discretion to correct the error because it was "clear that the wording of the indictment did not undermine the fairness or integrity of judicial proceedings," considering that Battiste's criminal history was extensive and well documented. *Id.*

That reasoning applies even more strongly in this case. Battiste carried four felony convictions into his felon-in-possession trial, and he actually served at least a year in prison on three of them. *Id.* at 965–66. Forler, meanwhile, compiled six felony convictions before his indictment in this case, and he served over a year in prison for two of them. Indeed, Forler was paroled on his carjacking offense only eight days before he was arrested for possessing a handgun in 2016, and he still had two undischarged felony sentences at that time. (*See* Crim. Dkt. 36 at ¶¶ 1, 7–9, 35, 36.)

Forler has identified a defect in his Indictment that brings it out of step with *Rehaif*. But he has not presented a plausible, good faith reason to doubt that a grand jury would have declined to indict him if presented with post-*Rehaif* charging language. Therefore, the error in his Indictment does not produce an extraordinary situation or a miscarriage of justice warranting relief under § 2255. *Blake*, 723 F.3d at 878–79.

**B.** **Guilty Plea**

"It is without question that a defendant's guilty plea must be knowing and voluntary." *United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014). "A defendant does not enter a plea

voluntarily and knowingly if he pleads guilty to a crime without knowledge of the crime's essential elements." *United States v. Ali*, 619 F.3d 713, 719 (7th Cir. 2010).

Forler asserts that he was never informed that the Government would be required to prove that he knew he was a convicted felon in order to convict him as a felon in possession. As a result, he argues, he did not enter his plea knowingly and voluntarily. His argument finds limited support from the facts, as neither the Indictment nor his plea agreement is consistent with *Rehaif*, and there is no sentencing transcript in the record.

But the law does not favor Forler. He "has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). "In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb." *Id.* at 2097. "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." *Id*. "Thus, absent some reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id.* (emphasis in original). "A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty." *Id.*

The Seventh Circuit's post-*Rehaif* decisions only emphasize the high bar to relief for defendants with felony records who have pled guilty as felons in possession. The Court of Appeals noted in *Maez* that "[a] jury could reasonably think that a felony conviction is a life experience unlikely to be forgotten." 960 F.3d at 964. And, in *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020), the Court of Appeals found that the defendant's "time in prison would severely hamper an assertion that he was ignorant of the fact that his time was punishable by more than a

7

year of imprisonment." Dowthard "served just over two years in prison" and had three additional 180-day sentences—considerably less than Forler's felony sentences. *Id.* at 816.

Forler does not deny that he knew in 2016 that he was a repeat felon with multiple sentences exceeding one year. His numerous, readily available felony convictions would have made it impossible to credibly appeal to a jury that he was oblivious to that reality—particularly given that he was arrested for possessing a handgun while he still had two unfulfilled felony sentences and only eight days after being paroled. Forler has again identified a defect in his proceeding, but he has not provided any basis to infer that he would not have pled guilty if charged and advised consistent with *Rehaif*.

## IV. CONCLUSION

For the reasons explained above, Forler is not entitled to relief under § 2255. His § 2255 motion is **DENIED**, and this action is **DISMISSED with prejudice**. The **Clerk is directed** to enter **final judgment** consistent with this Order. The **Clerk is also directed** to **docket** a copy of this order in the criminal action, Case No. 1:17-cr-00051-TWP-MJD-1, and to **terminate** the § 2255 motion, Dkt. [51], pending in that action.

## V. DENIAL OF CERTIFICATE OF APPEALABILITY

A § 2255 movant does not have the absolute right to appeal a district court's denial of his motion. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Forler has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right"

and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

Date: 1/26/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Forler, #15697-028
CANAAN - USP
CANAAN U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. Box 300
Waymart, Pennsylvania  18472

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov